**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RICKY R. FRANKLIN,
    Plaintiff,

                        v.

MENS USA LLC *doing business as* MENSUSA.COM,
    Defendant.

Civil Action No.
1:25-cv-03930-SDG

## OPINION AND ORDER

This matter is before the Court on Plaintiff Ricky R. Franklin's motion for default judgment [ECF 7] and Defendant Mens USA LLC's motion for an extension of time to respond to the motion, as well as a motion to set aside the Clerk's entry of default [ECF 11]. For the following reasons, Plaintiff's motion for default judgment is **DENIED** and Defendant's motions are **GRANTED**. The Clerk's entry of default shall be vacated.

## I.   Background

Franklin initiated his original case against Classic Firearms LLC and Mens USA on September 3, 2024.[1] Franklin filed a proof of service indicating that Mens USA was served with process on September 5.[2] Mens USA did not respond to the

---

[1]   *Franklin v. Classic Firearms LLC*, Case No. 1:24-cv-03922-SDG (the 3922 Case), ECF 1.

[2]   *Id.*, ECF 5.

1

Complaint, so the Clerk entered default against it on April 16, 2025.[3] Thereafter, the Court directed that the claims against Mens USA be severed and opened as a new case (*i.e.*, the instant action). On August 1, Franklin moved for a default judgment against Mens USA.[4] Ashkan Mashhadian, the owner of Mens USA, purported to file a response to that motion on behalf of the company denying the allegations in the Complaint.[5]

Since a corporate entity may only appear in court through an attorney, *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."), on February 10, 2026, the Court ordered Mens USA to cause counsel to appear on its behalf and to respond to the default judgment motion no later than February 27.[6] Counsel appeared specially on behalf of Mens USA, but not until March 10.[7]

Three days later, on March 13, Mens USA filed a motion for an extension of time to respond to Franklin's motion for default judgment and to set aside the

---

[3]   *Id.*, Apr. 16, 2025 D.E.

[4]   *Franklin v. Mens USA LLC*, Case No. 1:25-cv-03930-SDG (the 3930 Case), ECF 7.

[5]   *Id.*, ECF 8.

[6]   *Id.*, ECF 9.

[7]   *Id.*, ECF 10.

Clerk's entry of default, asserting that it had not been properly served.[8] Although the proof of service filed by Franklin indicates that service was effected by personally serving Mashhadian as the company's registered agent,[9] Mashhadian attests that the papers were actually delivered to his father, who is not an agent authorized to accept service for Mens USA.[10] Franklin did not respond to this motion.

## II.    Discussion

### A.    Delay

The Court may extend a party's time to comply with a deadline after the deadline has run, if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Here, Mens USA explains its delay by asserting that it did not receive the February 10 order until February 23, 2026. Thereafter, the company (located in California) had difficulty retaining Georgia counsel. It ultimately engaged an attorney on March 9, who promptly filed a notice of special appearance.[11]

The Court is satisfied with this explanation and finds that Mens USA's delay was the result of excusable neglect. Accordingly, the deadline in the February 10

---

8    *Id.*, ECF 11.

9    3922 Case, ECF 5.

10    3930 Case, ECF 11, at 4–5; *id.* at 11, ¶¶ 3–7.

11    ECF 10; ECF 11, at 1–4.

order is extended *nunc pro tunc* through March 13, 2026, and the Court treats Mens USA's response to the motion for default judgment as having been timely filed.

### B.    Default

Fed. R. Civ. P. 55 governs default judgments. When a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Default judgments are generally entered by the Court. Fed. R. Civ. P. 55(b)(2). But the Court may not enter judgment against a party that was never served with process. *Fortson v. Best Rate Funding, Corp.*, 602 F. App'x 479, 481 (11th Cir. 2015) ("Before judgment may be entered against a defendant, the defendant must have been served properly or have waived service of process."); *Worldstar Commc'ns Corp. v. Feltman (In re Worldwide Web Sys., Inc.)*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void.") (citations omitted); *J&J Sports Prods., Inc. v. K. Christopher Edwards & Co.*, Civ. A. No. 1:15-cv-3206-AT, 2016 WL 9185142, at *1 (N.D. Ga. May 13, 2016) (declining to grant a motion for default judgment where it was unclear that the defendant had been properly served). Because there is a valid factual dispute about whether service of process on Mens USA was properly effected, Franklin is not entitled to a default judgment. The Clerk's entry of default shall be vacated.

**III.  Conclusion**

Mens USA's motion [ECF 11] for an extension of time to respond to Franklin's motion for default judgment is **GRANTED** *nunc pro tunc*, and its motion to set aside the Clerk's entry of default is also **GRANTED**. The Clerk's entry of default against Mens USA [July 15, 2025 D.E.] is **VACATED**. Franklin's motion for default judgment [ECF 7] is **DENIED**.

Within 14 days after entry of this Order, Mens USA is **DIRECTED** to file a response to the complaint, either by answer or motion. The answer or motion may preserve or raise improper service of process as a defense. Within 30 days after entry of this Order, the parties shall file their Joint Preliminary Report and Discovery Plan.

**SO ORDERED** this 31st day of March, 2026.

_____
Steven D. Grimberg
United States District Judge

5